Kendell Glen NICHOLS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–98–01198–CR, 05–98–01199–CR.

Court of Appeals of Texas,
Dallas.

Aug. 2, 2001.

Celia M. Sams, Rowlett, for appellant.

Galen Ray Sumrow, Criminal District Attorney, Craig Stoddart, Assistant District Attorney, Rockwall, for the state.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

MOSELEY, Justice.

Kendell Glen Nichols was convicted of possession of: (1) marijuana in an amount of four ounces or more . but under five pounds (cause number 2–97–235); and (2) methamphetamine in an amount of four grams or more but under two hundred grams (cause number 2–97–236). The trial court assessed punishment at two years confinement and a $10,000 fine (probated), and twenty years confinement and a $10,000 fine, respectively. On appeal, Nichols asserts seven points of error; among other things, he argues the trial court erred by allowing the State to amend the indictment in cause number 2–97–236, which originally charged him with possession of cocaine, to possession of methamphetamine. For the reasons set forth be-low, we affirm the trial court's judgment in cause number 2–97–235. However, because possession of cocaine and possession of methamphetamine constitute two separate statutory offenses, we conclude the trial court erred in allowing the State to amend the indictment in cause number 2–97–236 over Nichols's objection. Thus we reverse the trial court's judgment in cause number 2–97–236 and remand that case for further proceedings.

On August 9, 1997, Nichols was stopped for speeding in Rockwall County. Sergeant Parrish of the Rockwall police department searched Nichols's vehicle. Parrish found marijuana and a hard, white rock substance. The indictment returned by the grand jury in cause number 2–97–236 originally charged Nichols with possession of cocaine but was amended to charge possession of methamphetamine. The record reflects the indictment was amended by interlineation; it does not reveal when.

In his second point of error Nichols contends the trial court erred in allowing the State to amend the indictment in cause number 2–97–236, because the amended indictment violated his constitutional rights and article 28.10(c) of the Texas Code of Criminal Procedure. That statute prohibits amendment of an indictment over a defendant's objection if the amended indictment charges a "different offense" or prejudices a defendant's substantial rights. TEX.CODE CRIM.PROC.ANN. art. 28.10(c) (Vernon 1989). A "different offense" means a different statutory offense. *Flowers v. State*, 815 S.W.2d 724, 728 (Tex.Crim.App.1991) (per curiam). A change in an element of an offense, proof, or complainants does not constitute charging a different statutory offense. *Id.* at 728; *Garth v. State*, 3 S.W.3d 218, 223 (Tex.App.—Dallas 1999, no pet.) (different weight of contraband); *Bynum v. State*, 874 S.W.2d 903 (Tex.App.—Houston [1st

Dist.] 1994, pet. ref'd) (different complainant).

■ The Texas Controlled Substances Act classifies controlled substances into penalty groups for the express purpose of establishing criminal penalties for violations of the Act. TEX. HEALTH & SAFETY CODE ANN. §§ 481.101–.105 (Vernon 1992 & Supp.2001). The Act classifies both cocaine and methamphetamine as belonging in Penalty Group 1. *Id.* § 481.102. Nichols was charged pursuant to section 481.115, which provides that a person commits an offense if he knowingly or intentionally possesses a controlled substance listed in Penalty Group 1. *Id.* § 481.115. Nichols contends that possession of each separate substance within a penalty group constitutes a different statutory offense.[1] The State contends that, because cocaine and methamphetamine are in the same penalty group, possession of cocaine and possession of methamphetamine constitutes the same statutory offense. We reject the State's contention.

In *Watson v. State*, 900 S.W.2d 60 (Tex. Crim.App.1995), the Texas Court of Criminal Appeals discussed the legislative intent behind the controlled substances act. There, the court recognized "the Legislature intended to make possession of *each* individual substance within the same penalty group a separate and distinct offense." *Id.* at 62 (emphasis added). The State asserts *Watson* is factually dissimilar because it addresses a double jeopardy challenge. To be sure, the test for whether an amended indictment charges a different offense under article 28.10(c) is whether it charges a different statutory offense, not whether double jeopardy would bar trial on the amended indictment had the defendant been found guilty on the original indictment. *Bynum*, 874 S.W.2d at 906. However, while *Watson* is inapposite to the extent it sets forth double jeopardy standards of review, its examination of the Legislature's intent is instructive here.

Because of the Legislature's intent, the State's argument is unpersuasive. If possession of each individual substance within a penalty group was the same statutory offense, the State could amend an indictment over objection, interchanging among any one of the *nine subsections and over one hundred complex chemical structures* individually composing Penalty Group 1, at will. This would directly contravene the statutory intent of the legislature as discussed in *Watson.* *See Watson,* 900 S.W.2d at 62.

■ We hold that possession of each individual substance within the same penalty group constitutes a different statutory offense. Accordingly, we conclude the trial court erred in allowing the State to amend the indictment over Nichols's objection. TEX.CODE CRIM.PROC.ANN. art. 28.10(c).

■ Next, we must determine whether such error warrants reversal. *See* TEX. R.APP.P. 44.2 (setting forth separate harm analysis standards for constitutional and "other" errors). Nichols does not contend he lacked adequate notice of the offense charged by the indictment as amended. Rather, he contends he was denied his right under the Texas Constitution to have a grand jury *determine whether there was* probable cause to believe he had committed the offense of possession of methamphetamine.

1. One commentator has noted that *Flowers* involved a single statutory provision and left unanswered situations, such as the case *sub judice,* that involve provisions "contain[ing] several subdivisions each defining what might be regarded as an offense." 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 21.56 (1995).

A defendant has a constitutional right to be indicted by a grand jury. TEX. CONST. Art. I, § 10. Under that provision, a defendant has a right to have a grand jury assess whether there is probable cause to believe that he committed a particular statutory offense. *See Duron v. State,* 956 S.W.2d 547, 550 (Tex.Crim.App.1997). As discussed above, by amending the indictment to charge possession of methamphetamine instead of possession of cocaine, the State alleged a different statutory offense. Consequently, Nichols was denied any grand jury review of the charge of possession of methamphetamine, as required by article I, section ten of the Texas Constitution. Accordingly, we apply appellate rule 44.2(a).

Under rule 44.2(a), "if the record in a criminal case reveals constitutional error we *must* reverse the judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction[.]" *Veteto v. State,* 8 S.W.3d 805, 813 (Tex.App.—Waco 2000, pet. ref'd). In this case, the error contributed directly to Nichols's conviction. Absent the trial court's error in allowing the State to amend the indictment, Nichols could not have been convicted for the offense alleged in the amended indictment—possession of methamphetamine. Therefore, under rule 44.2(a) we must reverse that conviction. We sustain Nichols's second point of error and reverse his conviction in cause number 2–97–236. Consequently, we need not address Nichols's first, third, and fourth points of error, nor his fifth and sixth points of error to the extent they address cause number 2–97–236.

Addressing his fifth point of error with respect to cause number 2–97–235 only, Nichols contends the trial court erred in admitting evidence seized from his car because it was the product of an illegal search. However, "[c]onsent to search is one of the well-recognized exceptions to the constitutional requirements of both a warrant and probable cause." *Carmouche v. State,* 10 S.W.3d 323, 331 (Tex.Crim. App.2000) (citations omitted). The State must prove the voluntariness of a consent to search by clear and convincing evidence. *See id.* The trial court must consider the totality of the circumstances surrounding the statement of consent to determine whether consent was voluntary. *Reasor v. State,* 12 S.W.3d 813, 818 (Tex.Crim.App. 2000). The record includes Parrish's testimony that Nichols consented verbally and by nodding his head. Officer Kevin Oblander observed Nichols nod in consent. Accordingly, we conclude the State proved by clear and convincing evidence that Nichols voluntarily consented to the police search of his vehicle. Nichols's fifth point of error is overruled.

With respect to cause number 2–97–235, in his sixth point of error Nichols asserts the evidence of drug possession should have been excluded because it was the product of an illegal search, and, without it, the evidence is legally and factually insufficient to support his conviction. As discussed in point of error five, the evidence was properly admitted. Further, we have reviewed the evidence in the record and conclude it was legally and factually sufficient to support the judgment. Thus, we overrule Nichols's sixth point of error.

In his seventh point of error, Nichols complains the cumulation order in each sentence is void. Because we reverse Nichols's conviction in cause number 2–97–236, Nichols's seventh point of error is moot, and we do not address it.

In conclusion, we affirm the trial court's judgment in cause number 2–97–235. We reverse the trial court's judgment in cause number 2–97–236 and remand that case for

further proceedings on the indictment as
issued by the grand jury.