**AFFIRMED; Opinion Filed June 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00550-CR

### DOYLE GENE ROBERSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F13-55492-X**

# MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Myers
Opinion by Justice Myers

Appellant Doyle Gene Roberson was convicted by a jury of possession with the intent to deliver a controlled substance, cocaine, in an amount of four grams or more but less than two-hundred grams. He was sentenced by the court to twenty-five years in prison. In three issues, appellant argues (1) the trial court failed to include all of the essential elements of the offense in the jury charge; (2) the evidence is insufficient to prove appellant committed the charged offense; and (3) the trial court's failure to define the word "knowingly" in the jury charge caused appellant egregious harm. We affirm.

## DISCUSSION

In his first issue, appellant contends the trial court violated his federal due process rights by failing to include all of the essential elements of the offense in the jury charge. He argues that

the penalty group for the charged offense, penalty group one, which includes cocaine, is an essential element of the offense.

Appellant was indicted for possession with the intent to deliver a controlled substance, cocaine, in an amount of four grams or more but less than two-hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). The indictment alleged that appellant did "unlawfully and knowingly possess with intent to deliver a controlled substance, to-wit: COCAINE, in an amount by aggregate weight, including any adulterants or dilutants of 4 grams or more but less than 200 grams . . . ." The indictment included one enhancement paragraph alleging a prior conviction for possession of a controlled substance.

The statute under which appellant was charged, section 481.112 of the Health and Safety Code, contains several paragraphs relating to the offense and its penalty ranges. Paragraph (a) provides as follows: "Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." *Id*. § 481.112(a). Penalty Group one, which includes cocaine, lists over fifty substances. *See id.* § 481.102.

In *Watson v. State*, 900 S.W.2d 60 (Tex. Crim. App. 1995), the appellant argued the protection against double jeopardy had been violated because he was, in effect, being punished twice for the same offense—possession of *both* heroin and cocaine. *Id*. at 61. The court of criminal appeals noted that section 481.112 classifies heroin and cocaine as penalty group one substances for the purpose of establishing criminal penalties for violations of the Texas Controlled Substances Act, and that the appellant was essentially arguing "that the Legislature intended to make the penalty group, rather than the individual controlled substance, an essential element of the offense." *Id*. The court rejected this argument, concluding that "the Legislature intended to make possession of *each* individual substance within the same penalty group a

separate and distinct offense." *Id*. at 62 (emphasis added); *see also Nichols v. State*, 52 S.W.3d 501, 503 (Tex. App.—Dallas 2001, no pet.) (rejecting, based on *Watson*, State's contention that because cocaine and methamphetamine are in the same penalty group, possession of cocaine and possession of methamphetamine constituted same statutory offense; and holding, therefore, that indictment which originally charged defendant with possession of cocaine could not be amended to charge possession of methamphetamine over his objection).

The elements for possession of a controlled substance with intent to deliver are that the defendant: (1) possessed a controlled substance in the amount charged; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a); *Walker v. State*, No. 03–14–00473–CR, 2016 WL 2942398, at *2 (Tex. App.—Austin May 10, 2016, no pet. h.) (mem. op., not designated for publication). The elements of the offense include the specific controlled substance, which in this case is cocaine. But the penalty group is not an element of the offense. Cocaine is listed in penalty group one according to statute, so there was no fact-finding role for the jury as to whether cocaine is or is not listed in penalty group one. Thus, the trial court did not violate appellant's federal due process rights by not including the penalty group for the offense in the charge. We overrule appellant's first issue.

In a related second issue, appellant asserts that the evidence is insufficient to support the verdict because establishing that cocaine is listed in penalty group one is an essential element of the offense, and there is no such evidence in this record. When assessing a challenge to the sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011). It is the responsibility of the trier of fact to

fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 318–19; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The evidence at trial showed that on May 6, 2013, a Dallas police officer, Jeremy Francis, and his partner, Kyle Kelly, stopped a tan Buick in response to a report from another Dallas police officer, Brendan Gadomski, about a car that had been seen leaving an apartment complex where a shooting occurred. A woman, later identified as Stephanie Bradley, was driving the vehicle and appellant was the passenger. After having Bradley and appellant get out of the vehicle, Officer Francis learned appellant had a warrant out for his arrest. Appellant was placed under arrest and seated in the back of the patrol car. Bradley signed a consent to search form and another officer, Thomas Coval, conducted a search of the vehicle. Officer Coval found a black lockbox in the trunk of the car. Appellant could see the officer searching the vehicle and did not seem surprised when he found the lockbox. Appellant said to Officer Francis, "[Y]ou know what they found there? It's mine." The key was on the side of the lockbox. When Officer Coval opened the lockbox, he found several ziplock "baggies" containing a white substance that field-tested positive for cocaine, as well as marijuana, empty ziplock baggies, a scale, a pipe with residue, and razor blades. The total weight of the crack cocaine found in the lockbox, including adulterants and dilutants, was 4.1545 grams. The State's final witness was Dallas Police narcotics detective Mario Castanon, who, in addition to testifying regarding narcotics trafficking, stated that the crack cocaine found in the lockbox was cut and prepackaged in such a way as to indicate it was intended for delivery and not for personal use.

The defense called Stephanie Bradley, appellant's girlfriend, who testified that she was driving appellant in her car on the day in question. She testified in front of the jury that neither she nor appellant knew what was in the trunk. On cross-examination, however, the State pointed

out that Bradley had given a videotaped statement to the police on the day of the incident where she said it was appellant's lockbox. She said in that interview that she had seen the lockbox three times but never opened it, and that she had seen it once with her cousin and twice with appellant. Bradley also gave a written statement to the Dallas County District Attorney's Office on February 4, 2015, in which she maintained that she had never seen the lockbox before.

The evidence at trial showed that the State proved the elements of the charged offense beyond a reasonable doubt. The State was not required to show that cocaine is listed in penalty group one because, as we have already noted, the penalty group is not an essential element of the offense of possession with the intent to deliver cocaine. *See Watson*, 900 S.W.2d at 62. We overrule appellant's second issue.

In his third issue, appellant argues he was egregiously harmed when the trial court failed to include the statutory definition of the required mental state, knowingly, in the jury charge.

The trial court instructed the jury in part as follows in the application paragraph of the charge:

> Now, if you find from the evidence beyond a reasonable doubt that on or about May 6, 2013 A.D., in Dallas County, Texas, the Defendant, Doyle Roberson, did unlawfully and knowingly possess with intent to deliver, a controlled substance, to-wit: Cocaine, in an amount by aggregate weight, including any adulterants or dilutants of 4 grams or more but less than 200 grams, then you will find the Defendant guilty of the offense of Possession with Intent to Deliver a Controlled Substance 4 grams or more but less than 200 grams, and so say by your verdict of "guilty."

But the court did not instruct the jury on the definition of "knowingly" in the abstract portion of the charge. Statutorily-defined terms must be included in the charge. *See Ester v. State*, 151 S.W.3d 660, 664 (Tex. Crim. App. 2004); *Nejnaoui v. State*, 44 S.W.3d 111, 119 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Because appellant did not object at trial to this error of which he now complains, we will reverse only if he suffered egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (opinion on reh'g).

Unobjected-to charge error will not result in reversal of a conviction in the absence of egregious harm. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we must consider (1) the entire jury charge, (2) the state of the evidence, including the contested issues and the weight of the probative evidence, (3) the final arguments of the parties, and (4) any other relevant information revealed by the record of the trial as a whole. *Allen*, 253 S.W.3d at 264; *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174. Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen*, 253 S.W.3d at 264; *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

When a statutory definition is not included in the charge, we assume the jury would consider the commonly understood meaning of the word or phrase in its deliberations. *Nejnaoui*, 44 S.W.3d at 120. The statutory definition of "knowingly" is not substantially different from the common usage and understanding of the term. *See Mathis v. State*, 858 S.W.2d 621, 622–23 (Tex. App.—Fort Worth 1993, pet. ref'd); *Tapia v. State*, No. 08–01–00283–CR, 2002 WL 31195323, at *4 (Tex. App.—El Paso Oct. 3, 2002, pet. ref'd) (not designated for publication); *see also Prior v. State*, No. 05–03–00794–CR & 05–03–00795–CR., 2004 WL 728867, at *6 (Tex. App.—Dallas Apr. 6, 2004, pet. ref'd) (not designated for publication). The "failure to give an abstract instruction is reversible only when such an instruction is necessary to a correct or complete understanding of concepts or terms in the application part of the charge." *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997); *see also Prior*, 2004 WL 728867, at *6.

In this case, the prosecutor told the jury during voir dire that the State had to prove that

appellant knowingly possessed, with the intent to deliver, a controlled substance, cocaine. She explained, in part:

> Now, knowingly. A person acts knowingly, or with knowledge, with respect to the nature of the [sic] his conduct when he is aware of the nature of his conduct. A person acts knowingly, or with knowledge, with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result. . . .

*See* TEX. PENAL CODE ANN. § 6.03(b). She gave an example of a "knowing" mental state. The defense did not object to the prosecutor's explanation. At the conclusion of her portion of the voir dire, the prosecutor asked the prospective jurors:

> But is there anybody here that is unclear about those elements that have to be met? Everybody clear about that?
>
> Is there anybody here that does not agree and cannot follow that law as it is given to you to follow and to analyze the facts of this case? Anybody? So everybody is going to be okay with that? Everybody knows all this stuff? We're all good to go?

None of the prospective jurors gave any indication they were unclear about the elements of the offense. Defense counsel gave the prospective jurors several examples of how possession might by not be "knowing." He also told them: "You've got to knowingly possess something. You can't—if you unknowingly possess it, then even though you may possess it, you're not guilty of the crime. Does that make sense?" The prospective jurors responded, "Yes." He concluded this portion of his voir dire by telling them, "Possession we're talking about has to be knowing." The parties' closing arguments reminded the jury that "knowingly" was an element of the offense.

The statutory definition of "knowingly" was read to the jury during voir dire. The jury indicated it understood—based on the explanations and examples offered by both parties during voir dire—what "knowingly" meant. The parties' closing arguments also reminded the jury that "knowingly" is an element of the offense. The common usage of the word "knowingly" is not substantially different from the statutory definition. *See Mathis*, 858 S.W.2d at 622–23. The

issue for the jury to resolve was whether appellant "knowingly" possessed the cocaine in the lockbox. The application portion of the jury charge tracked the indictment and instructed the jurors that before they could convict, they had to find beyond a reasonable doubt that appellant "knowingly" possessed the cocaine with the intent to deliver. Furthermore, the crucial dispute in this case was between the credibility of the witnesses: Officer Francis testified that appellant spontaneously told him the contents of the lockbox belonged to him, not his girlfriend, while appellant's girlfriend, Bradley, offered conflicting accounts of whether the lockbox belonged to appellant. Based on the record before us, we conclude appellant suffered no egregious harm as a result of the omission of the definition of "knowingly" from the abstract portion of the jury charge. We overrule appellant's third issue.

We affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
150550F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DOYLE GENE ROBERSON, Appellant

No. 05-15-00550-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F13-55492-X.
Opinion delivered by Justice Myers. Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 20th day of June, 2016.