# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2021

Lyle W. Cayce
Clerk

No. 18-60747

Sajid Momin Wali, also known as Sajid M. Wali,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 594 370

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Sajid Momin Wali, a native and citizen of Pakistan, became a lawful permanent resident in 2012. In 2017, he pleaded guilty in Texas state court to possession with intent to deliver a synthetic cannabinoid. As a result, he was charged as removable under 8 U.S.C. § 1227(a)(2)(B)(i) for having been

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

convicted of a state-law crime relating to a controlled substance defined in the Controlled Substances Act, 21 U.S.C. § 802.

Both the Immigration Judge and the Board of Immigration Appeals sustained that removability determination, concluding that although the Texas statute that formed the basis of Wali's conviction was broader than the Controlled Substances Act, Wali was removable because the Texas statute under which he was convicted was divisible. After the BIA issued its decision, this court decided *Alejos-Perez v. Garland*, 991 F.3d 642 (5th Cir. 2021). Under *Alejos-Perez*, the BIA's determination that Wali's statute of conviction was divisible was error. Accordingly, we grant Wali's petition for review, reverse the BIA's order, and remand for the BIA to reconsider whether Texas Penalty Group 2-A is divisible in light of *Alejos-Perez*.

I.

In July 2017, Wali pleaded guilty to possession with intent to deliver between four and four hundred grams of a synthetic cannabinoid, in violation of Texas Health and Safety Code § 481.113. That provision prohibits the possession of substances listed in Penalty Group 2-A, which includes synthetic cannabinoids, among others. *See id.* § 481.1031(b)(5). Because of this conviction, Wali was charged as removable under 8 U.S.C. § 1227(a)(2)(B)(i), which provides that an alien who "has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in [the Controlled Substances Act, 21 U.S.C. § 802]), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

Before the Immigration Judge, Wali argued that Penalty Group 2-A includes substances that are not included in the federal controlled substance schedules. Because Penalty Group 2-A is indivisible, he argued, he was not removable based on a conviction related to a federally controlled substance.

Alternatively, he applied for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge rejected Wali's arguments, as did the Board of Immigration Appeals. Wali timely petitioned this court for review.

## II.

Although we generally lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense" relating to a controlled substance, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review "questions of law," *id.* § 1252(a)(2)(D). Such review is de novo. *See Luna-Garcia v. Barr*, 932 F.3d 285, 288–89 (5th Cir. 2019). "The BIA's determination that a violation of a state . . . law relates to a controlled substance violation presents a pure question of law." *Vazquez v. Sessions*, 885 F.3d 862, 867 (5th Cir. 2018). The government bears the burden of connecting an element of the alien's conviction to a drug defined in the Controlled Substances Act. *See Mellouli v. Lynch*, 575 U.S. 798, 813 (2015).

To determine whether the elements of a state crime of conviction relate to a federally-controlled substance, "[c]ourts must . . . (1) identify the 'elements that make up the state crime of conviction' and then (2) determine whether those elements 'relate to a federally controlled substance.'" *Alejos-Perez*, 991 F.3d at 647 (quoting *Mellouli*, 575 U.S. at 811). Because we conclude that the BIA erred in identifying the elements that make up Wali's crime of conviction, we do not reach the second question.

Wali was convicted of violating a statute that prohibits possession of any substance listed in Penalty Group 2-A. *See* Tex. Health & Safety Code § 481.113. Because Penalty Group 2-A provides an alternatively-phrased list of drugs, *see id.* § 481.1031, "we must decide whether those alternative drugs constitute . . . 'multiple elements,' each of which is part of

a separate drug offense, or, instead, . . . 'various factual means of committing' a single drug offense." *Alejos-Perez*, 991 F.3d at 647 (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). "Where each drug constitutes an element of a separate crime, we call such a statute 'divisible,' because we can divide it into several crimes. Conversely, where each drug is a factual means of proving a single offense, we call such a statute 'indivisible,' because we can't divide it into several crimes." *Id.* at 647 (citation omitted).

In short, the first step in determining whether Wali is removable is deciding whether Penalty Group 2-A is divisible. "Divisibility depends on (1) the statutory text, (2) state caselaw, and (3) the record of conviction." *Id.* at 647.

The BIA concluded that Penalty Group 2-A is divisible. But it did not engage with the text of the Texas statute in this case. Rather, it relied on two Texas appellate court decisions, *Watson v. State*, 900 S.W.2d 60 (Tex. Crim. App. 1995), and *Nichols v. State*, 52 S.W.3d 501 (Tex. App.—Dallas 2001, no pet.), which it concluded "signal[ed] the statute's divisibility." The BIA also found that Texas jury instructions supported its conclusion that Penalty Group 2-A was divisible.

After the BIA issued its decision, this court decided *Alejos-Perez v. Garland*. In *Alejos-Perez*, the court held that the government failed to demonstrate that Penalty Group 2-A is divisible. 991 F.3d at 651. Importantly for this case, the court held that *Watson*, *Nichols*, and Texas jury instructions do not conclusively establish that Penalty Group 2-A is divisible. *See id.* at 649–51.

First, the court held that the statutory text of Penalty Group 2-A does not resolve the divisibility question because it neither "provides a list of examples nor attaches varying degrees of punishment." *Id.* at 650.

Second, the court recognized that *Watson* and *Nichols* are "'mere intermediate state court opinion[s],' which . . . don't definitively resolve the issue—presumably, the higher court could come to a different conclusion." *Id.* at 650–51 (alterations in original) (quoting *United States v. Reyes*, 866 F.3d 316, 322 (5th Cir. 2017)). Neither *Watson* nor *Nichols* specifically addresses whether Penalty Group 2-A is divisible. *See id.* at 650–51 & n.18.

Finally, the court explained that if state law fails to provide clear answers, "courts can examine 'the record of a prior conviction itself.'" *Id.* at 651 (quoting *Mathis*, 136 S. Ct. at 2256). But in doing so, the court stressed, courts should not look to jury instructions in cases where defendants, such as Wali, pleaded guilty, because those instructions will not be in the record of conviction. *Id.* at 651 n.21. What's more, "the pattern jury instructions for [for Wali's offense] are the product of a State Bar of Texas committee, which has no authority to decide state law." *Id.*

*Alejos-Perez* thus squarely rejected the BIA's rationale in this case. We therefore grant Wali's petition for review, reverse the BIA's order and remand for the BIA to analyze, with the benefit of *Alejos-Perez*, whether Penalty Group 2-A is divisible. To be sure, although the court in *Alejos-Perez* found that the government in that case failed to show that Penalty Group 2-A is divisible, the same may not necessarily be true for this case. After reviewing the information and judgment of conviction, the court concluded that "the record . . . pull[ed] in both directions," and as a result the record "d[id] not 'speak plainly' on the issue of divisibility." *Id.* at 651 (quoting *Mathis*, 136 S. Ct. at 2257). It is entirely possible that, on the information and judgment of conviction in this case, the government will be able to carry its burden of demonstrating that Penalty Group 2-A is divisible.

If, on remand, the BIA determines that Penalty Group 2-A is divisible, it should apply the modified categorical approach to determine whether the

No. 18-60747

elements of Wali's offense of conviction relate to a federally controlled substance. *See id.* at 647–50. If the BIA determines that Penalty Group 2-A is indivisible, it should apply the categorical approach. *See id.*

* * *

For the foregoing reasons, Wali's petition for review is granted, and the order of the BIA is reversed and remanded for proceedings consistent with this opinion.