

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00318-CR

---

EARL LEON COMER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court 3
Tarrant County, Texas[1]
Trial Court No. 1883683, Honorable Douglas A. Allen, Presiding

---

April 30, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Earl Leon Comer, appeals from his conviction by jury of the state jail felony offense of possession of a controlled substance, namely methamphetamine, in an

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE § 73.001. We apply the Second Court's precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

amount less than one gram[2] and the resulting sentence of five years of imprisonment.[3] Through one issue, Appellant argues the evidence was insufficient to support his conviction because the State failed to prove he knowingly possessed methamphetamine.[4] We affirm.

## BACKGROUND

Evidence at trial showed Appellant often collected scrap for resale. On the day he was arrested, police had been called after a technician saw Appellant roll up fiber optic cable and put it in his truck. When police approached Appellant, he began reaching into his console and forward to the floorboard of the passenger side of the car, making "furtive" gestures. Police could see the cable Appellant had taken and believed it to be copper wire that had been stolen a couple of days prior. Appellant was then arrested for taking what police believed was stolen copper wire. Officers searched Appellant's truck and found a pipe on the passenger side floor mat and a cigarette package with its cellophane wrapper inside the box, wrapped around a "white crystal substance." These were found under a blue shirt. The officer agreed that, based on his training and experience, a common place to keep narcotics was in the cellophane wrapper inside a cigarette box. A field test showed a presumptive positive for methamphetamine. Subsequent laboratory testing revealed the substance was methamphetamine in an amount of about 0.25 grams.

---

[2] See TEX. HEALTH & SAFETY CODE § 481.115(b).

[3] Appellant's punishment was enhanced by two prior convictions to that of a third-degree felony. See TEX. PENAL CODE §§ 12.34; 12.42.

[4] Appellant was initially charged with possession of a controlled substance, methamphetamine, and theft. He was found guilty of the possession charge and acquitted of the theft charge.

The jury found Appellant guilty of possession of methamphetamine in an amount of less than one gram and the trial court sentenced him to five years of imprisonment.

## ANALYSIS

The indictment charged Appellant with "intentionally or knowingly possess[ing] a controlled substance, namely methamphetamine, of less than one gram, including any adulterants or dilutants . . .".[5]

Standard of Review and Applicable Law

At the outset, we note this appeal was transferred from the Second Court of Appeals pursuant to the Texas Supreme Court's docket equalization authority. TEX. GOV'T CODE § 73.001. We are therefore bound to apply the precedent of the Second Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

In assessing legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to establish whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). We also give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*,

---

[5] Methamphetamine is a Penalty Group 1 substance. *See* TEX. HEALTH & SAFETY CODE § 481.102(6).

3

214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318-19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment,[6] does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. "Everything should be stated in an indictment which is necessary to be proved." TEX. CODE CRIM. PROC. art. 21.03.

Therefore, to obtain a conviction under the applicable statute and this indictment, the State was required to prove beyond a reasonable doubt that Appellant (1) exercised control, management, or care over the substance and (2) knew the matter possessed was contraband. *Yates v. State*, No. 02-14-00516-CR, 2015 Tex. App. LEXIS 7125, at *3 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op., not designated for publication); TEX. HEALTH & SAFETY CODE § 481.115(a)-(b). Proof of a culpable mental state generally relies on circumstantial evidence. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014); *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). Accordingly, "[i]n determining whether the defendant actually knew that he possessed narcotics, the jury may infer the defendant's knowledge from his acts, conduct, remarks,

---

[6] The phrase "authorized by the indictment" has been interpreted to mean that when a statute lays out several alternative methods of committing the offense, and the indictment alleges only one of those methods, that narrowed theory of guilt becomes part of the sufficiency review under state law. *Fuller v. State*, 73 S.W.3d 250, 254–55 (Tex. Crim. App. 2002).

4

and from the surrounding circumstances." *Saunders v. State*, No. 13-18-00589-CR, 2020 Tex. App. LEXIS 4731, at *4 (Tex. App.—Corpus Christi-Edinburg June 25, 2020, no pet.) (mem. op., not designated for publication).

<u>Application</u>

Appellant contends that because the indictment specified that the controlled substance he was accused of possessing was methamphetamine, the State was required to prove Appellant knew he possessed that particular substance. He cites *Wray v. State*, 711 S.W.2d 631, 633 (Tex. Crim. App. 1986) for the proposition that the law in Texas states "that where the unnecessary matter is descriptive of that which is legally essential to charge a crime, it must be proven as alleged even though needlessly stated."

The State contends Appellant's view is incorrect in that his proposition was overruled in *Gollihar v. State,* 46 S.W.3d 243, 249 (Tex. Crim. App. 2001) (discussing variances and surplusage). The State further argues that it included the phrase "namely methamphetamine" in the indictment because it was required to specify whether the drug possessed was a Penalty 1, 2, 3, or 4 substance. *See Miles v. State*, 357 S.W.3d 629, 636 (Tex. Crim. App. 2011). It argues it was not required to prove Appellant knew he possessed methamphetamine specifically. Such a requirement would increase the State's burden. The State also points out that consistent with the indictment, the jury charge in the case properly required proof (1) Appellant intentionally or knowingly possessed a controlled substance, and (2) "that the controlled substance Appellant possessed was methamphetamine of less than one gram including any adulterants or dilutants." Accordingly, the mens rea requirement extends to possession of "a controlled

5

substance" but not to the specific controlled substance. The State must separately prove the substance was one of the enumerated substances listed as a Penalty Group 1 substance, in this case, methamphetamine.[7]

The question now, however, is whether the State was required to prove whether Appellant knew he possessed the specific substance methamphetamine. Under case law from the Second Court, it appears it was. *See Onick v. State*, No. 02-18-00356-CR, 2019 Tex. App. LEXIS 3572, at *7 (Tex. App.—Fort Worth May 2, 2019, no pet.) (mem. op., not designated for publication) (noting, in the context of considering jury charge error, the elements of the offense included the specific controlled substance, not the penalty group). *See also Nichols v. State*, 52 S.W.3d 501, 504 (Tex. App.—Dallas 2001, no pet.) (Dallas court seemingly agreeing, stating that "by amending the indictment to charge possession of methamphetamine instead of possession of cocaine, the State alleged a different statutory offense").

In *Onick*, the Fort Worth court relied on *Roberson v. State*, No. 05-15-00550-CR, 2016 Tex. App. LEXIS 6493, at *3–4 (Tex. App.—Dallas June 20, 2016, pet. ref'd) (mem. op., not designated for publication) wherein the court stated, "the elements of the offense include the specific controlled substance, which in this case is cocaine. But the penalty group is not an element of the offense" and *Watson v. State*, 900 S.W.2d 60, 66 (Tex. Crim. App. 1995), a plurality opinion that stated, "we have held that a particular controlled substance or dangerous drug must be named in the indictment in order for it to state a

---

[7] Once the State proves which controlled substance the defendant possessed, it necessarily proves the penalty group applicable to the offense. *Fields v. State*, Nos. 02-24-00066-CR, 02-24-00067-CR, 2025 Tex. App. LEXIS 2497, at *12 (Tex. App.—Fort Worth Apr. 10, 2025, no pet.) (mem. op., not designated for publication).

6

complete offense." *Watson* also stated "we regard the particular substance or drug to be an element of the offense . . . ". *Watson*, 900 S.W.2d at 66. The Fort Worth court noted that Judge Newell stated in a concurring opinion in *Ex parte Broussard*, 517 S.W.3d 814, 824 (Tex. Crim. App. 2017) (Newell J., concurring) that *Watson* was no longer good law, stating "it now appears that the Court believes that the specific identity of the control group substance is not a 'crucial' fact necessary to prove up the offense of possession of a controlled substance[,] . . . the State need only prove possession of a substance within a particular penalty group." However, the Fort Worth court said, it was reluctant to ignore a case from the Court of Criminal Appeals until it had been expressly overruled and joined *Roberson* in relying on *Watson*. *Onick*, 2019 Tex. App. LEXIS 3572, at *6 n. 2.

Because this matter was transferred to this Court from the Second Court of Appeals, we will follow their precedent and examine the evidence to determine whether the evidence was sufficient to prove Appellant knew he possessed methamphetamine. We conclude it is sufficient.

Evidence at trial showed Appellant made "furtive" movements toward the center console and the passenger side of the truck. A police officer described a furtive movement as "[b]asically, leaning forward out of sight where you can't see, manipulating something or trying to move something." Police found the pipe with residue, described by one officer as a "meth pipe," and the white crystal substance, described by a police officer as consistent with methamphetamine, in the cigarette package on the floorboard under a blue shirt in the passenger area of the truck where Appellant had been reaching. The white crystal substance was wrapped in the cellophane normally on the outside of the cigarette package and was tucked inside the package, concealing it from view. The

7

pipe and the white crystal substance were visible in the footage from police body cameras. Additionally, Appellant was "agitated" and "mouthy" when approached by officers.

A reasonable fact finder could have concluded that those facts showed Appellant was conscious of his connection with the methamphetamine and possessed it knowingly. *See Dunn v. State*, No. 06-19-00252-CR, 2020 Tex. App. LEXIS 5926, at *3–5 (Tex. App.—Texarkana July 29, 2020, no pet.) (mem. op., not designated for publication) (finding evidence sufficient in comparable circumstances); *Yates*, 2015 Tex. App. LEXIS 7125, at *10 (similar finding); *Saunders*, 2020 Tex. App. LEXIS 4731, at *5 (finding "because Saunders concealed the heroin in a Visine bottle, the jury could have reasonably concluded that he intentionally or knowingly possessed the heroin"). Similar evidence has been found to be sufficient to prove mens rea in other cases as well. *See Morris v. State*, No. 02-19-00167-CR, 2021 Tex. App. LEXIS 879, at *14 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem op., not designated for publication) (noting "[n]umerous cases have held that the visibility of the contraband—that even if just a small amount is visible—is relevant to establishing that possession of that small amount was knowing" and the "presence of an accompanying drug pipe or other narcotic paraphernalia as an indication of an individual's knowledge that the substance in his possession is contraband"); *Jenkins v. State*, No. 02-19-00241-CR, 2020 Tex. App. LEXIS 5232, at *14–15 (Tex. App.—Fort Worth June 11, 2020, no pet.) (mem. op., not designated for publication) (finding evidence sufficient to show defendant knew he possessed contraband (methamphetamine) considering all circumstances, including that the methamphetamine was concealed in a plastic bag inside a cigarette box).

Viewing the evidence in the requisite light, we find the jury could have found, beyond a reasonable doubt, Appellant knowingly possessed the controlled substance, methamphetamine, found in his truck. We resolve Appellant's issue against him.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.