Roy Charles BROWN, Appellant,

v.

The STATE of Texas, State.

No. 2–04–055–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 30, 2004.

George E. West II, Law Offices of George E. West II, Dallas, for Appellant.

Bruce Isaacks, Criminal District Atty., Charles E. Orbison, Matthew J. Shovlin, and Jeff Fleming, Asst. District Attorneys, Dallas, Matthew Paul, State Prosecuting Atty., Austin, for Appellee.

Panel F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant Roy Charles Brown was convicted of burglary of a habitation and, after pleading true to an enhancement paragraph, was sentenced to fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In five points, Appellant complains about the indictment, the jury charge, notice of the enhancement, and ineffective assistance of trial counsel. Because we hold that the trial court's errors are not reversible, and that Appellant did not sufficiently prove ineffective assistance, we affirm the trial court's judgment.

### BACKGROUND FACTS

At a pretrial hearing eleven days before trial, the trial court, according to the parties, orally granted the State's motion to amend the indictment. The motion set forth the original burglary paragraph, which charged Appellant with breaking and entering with intent to commit assault of Pamela Woods, as well as the following paragraph:

> And the Grand Jurors aforesaid, duly selected, impaneled, sworn and charged at said term of said court as aforesaid, upon their oaths further present in and to said court that Roy Charles Brown on or about the 4th day of June, 2003, and before the presentment of this indictment, in the County of Denton and State of Texas, did then and there intentionally or knowingly enter a habitation, with-

out the effective consent of Pamela Woods, the owner thereof, and did then and there attempt to commit and committed assault; against the peace and dignity of the State.

The original indictment was not physically changed. Instead, the trial court granted the State's motion in an order which provides that the indictment should be amended and which recites in full the proposed language of the amended indictment. Although the order granting the motion to amend the indictment is not dated and contains no file mark, both parties agree that the trial judge did not sign the order until the day of trial.

Another hearing was held on that day before voir dire, and the trial court overruled Appellant's objections to the indictment. Appellant was then arraigned in the jury's presence under the amended language of the indictment with no objection.

The original indictment included an enhancement paragraph. The order granting the State's motion to amend the indictment does not. But on January 9, eleven days before trial, the State filed a document entitled "Additional Pleadings," which states that its purpose is to provide notice of the State's intent to enhance the punishment range and which provides an enhancement paragraph.

The application section of the jury charge did not name or otherwise indicate a complainant. Appellant lodged no objections to the charge.

## THE INDICTMENT

In his first point, Appellant complains that the trial court erred by overruling his objection to the amended indictment. Appellant objected that the amendment alleged a new or different offense, that is, assault, and needed to be presented to the grand jury. None of the other complaints he raises in his first point were preserved for appeal.[1] Article 28.10(c) of the Texas Code of Criminal Procedure provides that "[a]n indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced."[2] A "different offense" under article 28.10 means a different statutory offense.[3] Changing an element of an offense changes the evidence required to prove that offense, but it is still the same offense.[4] Consequently, burglary with intent to commit assault and burglary with attempted or completed assault are not different offenses. Appellant did not object to a lack of notice of the charges against him and specifically stated that he had had adequate notice regarding the new allegation. Because article 28.10(c) was not violated, and because Appellant lodged no other objections at trial that comported with his point on appeal, we overrule his first point.

## THE JURY CHARGE

In Appellant's related second point, he contends that the trial court erred by in-

---

**1.** See Tex.R.App. P. 33.1(a)(1); *Mosley v. State,* 983 S.W.2d 249, 265 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Bell v. State,* 938 S.W.2d 35, 54 (Tex.Crim.App. 1996), *cert. denied,* 522 U.S. 827, 118 S.Ct. 90, 139 L.Ed.2d 46 (1997); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex.Crim.App.1990).

**2.** Tex Code Crim. Proc. Ann. art. 28.10(c) (Vernon 1989).

**3.** *Flowers v. State,* 815 S.W.2d 724, 728 (Tex. Crim.App.1991).

**4.** *Id.*

cluding the amended language in the court's guilt/innocence charge because the jury was allowed to apply facts to a manner of committing an offense not found by the grand jury, prejudicing Appellant. For the reasons given above, we overrule his second point.

In his third point, Appellant contends that the jury charge was fundamentally defective in that it authorized the jury to convict Appellant without finding that he entered the habitation with intent to assault complainant. The jury charge provided:

> Now, if you find from the evidence beyond a reasonable doubt that Roy Charles Brown on or about the 4th day of June, 2003, in the County of Denton and State of Texas, did then and there intentionally or knowingly enter a habitation, without the effective consent of Pamela Woods, the owner thereof, and did then and there with intent to commit or attempt to commit or committed assault, you will find the defendant guilty of burglary of a habitation, as charged in the indictment.

Appellant complains only of the charge on burglary with intent to commit an assault. Specifically, he contends that because the indictment named the complainant, the jury charge should have also named the complainant. Omitting her name from the charge, he claims, lessened the State's burden of proof. We agree with Appellant that the charge was improper.

 The trial court is obligated to charge the jury on the "law applicable to the case."[5] This obligation requires the court to instruct the jury concerning each and every element of the offense.[6] The court's charge, rather than merely stating abstract propositions of law and general principles contained in the statutes, must clearly apply the law to the facts of the case.[7] A jury charge may not authorize a conviction on less evidence than the law requires.[8] Nor can either the indictment or the general statements of law supply the elements omitted from the application paragraph.[9]

 Appellant was indicted for breaking and entering the habitation of Pamela Woods with intent to commit assault against Pamela Woods. The portion of the jury charge complained of would allow him to be convicted for breaking and entering the habitation of Pamela Woods with intent to commit assault against someone else.[10]

 Because Appellant did not object at trial to the error in the court's charge, we must decide whether the error was so

---

5. TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2004–05).

6. *See id.;* 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 36.11, at 561–62 (Texas Practice 2001).

7. *Newton v. State,* 648 S.W.2d 693, 694–95 (Tex.Crim.App.1983); *Williams v. State,* 622 S.W.2d 578, 579 (Tex.Crim.App. [Panel Op.] 1981).

8. *Polk v. State,* 749 S.W.2d 813, 815–16 (Tex. Crim.App.1988).

9. *Hernandez v. State,* 10 S.W.3d 812, 819–20 (Tex.App.-Beaumont 2000, pet. ref'd).

10. *See Curry v. State,* 30 S.W.3d 394, 404 (Tex.Crim.App.2000) ("We believe the 'law' as 'authorized by the indictment' must be the statutory elements of the offense of aggravated kidnapping as modified by the charging instrument. That is to say, Curry's hypothetically correct jury charge could not simply quote the language of the statute, instructing the jury to find Curry guilty if it found that he abducted 'another person,' because the indictment specifically charges that Curry abducted Williams, and the State was required to prove that element of the offense.").

egregious and created such harm that Appellant did not have a fair and impartial trial—in short, whether "egregious harm" has occurred.[11] In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."[12] The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.[13] Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.[14]

 The record reveals ample evidence from which the jury could conclude that Appellant had intent to assault Pamela when he entered her home without her permission. Appellant's defense appeared to be that he was not the guilty party, although at closing argument his trial counsel's theory was that Appellant had assaulted Pamela but had not committed burglary, either because he entered her apartment with her permission, and then beat her up, or because he beat her up outside the apartment in the breezeway. Additionally, Appellant pointed to evidence that only Pamela placed him inside the apartment. Appellant did not, however, argue that he entered Pamela's apartment with the intent to assault someone else, nor was there any evidence that anyone besides Pamela was assaulted or even present in the apartment at the time of the offense. Furthermore, while Appellant

contends that lessening the State's burden of proof resulted in egregious harm, he provides nothing to support this conclusory statement.

Accordingly, after a careful review of the entire record, we are unable to conclude that the erroneous charge deprived Appellant of a fair and impartial trial. We therefore hold that such error did not rise to the level of creating egregious harm. Consequently, we overrule Appellant's third point.

## THE ENHANCEMENT

 In his fourth point, Appellant contends that the trial court erred when it overruled his objection to the enhancement. Before the jury was sworn, Appellant objected to the enhancement allegation. While he acknowledged that he had notice of the enhancement, he argued that the court had to sign the enhancement for jurisdictional purposes. The trial court overruled the objection. Appellant pled true to the enhancement. Unlike allegations of the offense, enhancement allegations do not have to be provided in the indictment.[15] The State's pleading filed eleven days before trial that gave notice of the State's intent to enhance the punishment and that set forth the enhancement paragraph gave Appellant ample notice of the enhancement allegations.[16] We overrule Appellant's fourth point.

## INEFFECTIVE ASSISTANCE OF COUNSEL

 In his fifth point, Appellant contends that his trial counsel was ineffec-

11. See *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g); see also Tex.Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.1996).

12. *Almanza*, 686 S.W.2d at 171; see generally *Hutch*, 922 S.W.2d at 172–74.

13. *Almanza*, 686 S.W.2d at 174.

14. *Hutch*, 922 S.W.2d at 171.

15. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim.App.1997).

16. See *id.*

tive for failing to object to the reading of the amended indictment, for failing to request the ten days for which to prepare under article 28.10, for making the prosecutor's case better, for failing to object to the introduction of an extraneous offense, for failing to preserve his objection to the enhancement allegation, and for affirming his client's guilt. While Appellant filed a general motion for new trial, it did not raise ineffective assistance, no affidavits were attached, and no hearings were held. Consequently, the record does not reveal the basis for Appellant's trial counsel's decisions complained of by Appellant. This court will not "reverse a conviction on ineffective assistance of counsel grounds when counsel's actions or omissions may have been based upon tactical decisions, but the record contains no specific explanation for counsel's decisions."[17] Accordingly, based upon the applicable standard of review,[18] we overrule Appellant's fifth point.

## CONCLUSION

Having overruled Appellant's five points, we affirm the trial court's judgment.

17. *Bone v. State,* 77 S.W.3d 828, 830 (Tex. Crim.App.2002).

18. *See Strickland v. Washington,* 466 U.S. 668, 687–90, 694, 104 S.Ct. 2052, 2064–66, 2068, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812–14 (Tex.Crim.App. 1999).