COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-432-CR

 

 

RYAN ADAM FRITZ                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction

Appellant Ryan Adam Fritz appeals his conviction
for five counts of online solicitation of a minor.  See Tex. Penal Code Ann. ' 33.021
(Vernon Supp. 2008).  In two related
points, he asserts that the trial court erred when it granted the State=s motion
to amend the original indictment and when it denied his motions to quash both
the original and the amended indictments. 
We affirm.








                                        Background
Facts

A grand jury indicted appellant for five counts
of online solicitation of a minor.  The
indictment specified the statutory provision appellant had violated as section
33.021 of the penal code; it also related the dates of each separate offense
and, in all but Count IV, the .jpg file names of the explicit material that
appellant had distributed.  The
indictment used mostly identical wording from the statute.  Counts I, II, III, and V stated that
appellant,

on or about [date], and anterior to the
presentment of this Indictment, in [Denton County], did then and there, being a
person who was 17 years of age or older, with the intent to arouse or gratify
the sexual desire of the defendant, intentionally distribute over the Internet
or by electronic mail or by a commercial online service in a sexually explicit
manner, to-wit: A[file name].jpg@ to an
individual whom the defendant believes to be younger than 17 years of age or an
individual who represents himself to be younger than 17 years of age.[2]


Appellant filed a motion to quash the indictment, contending that it
did not give him adequate notice of the nature of the charges or apprise him of
when he allegedly committed the offenses (for the purpose of pleading double
jeopardy).

The State moved to amend the indictment, stating
in its motion,








[T]he words Ain a sexually explicit
manner@ should be deleted; and
the words Asexually explicit
material@ should be substituted,
so as to make the Indictment, in pertinent part, read as follow[s]:  A. . . intentionally distribute over the Internet
or by electronic mail or by a commercial online service sexually explicit
material, to-wit: . . .@

 

The State would show that said amendment does not charge the Defendant
with an additional or different offense, nor does it prejudice the substantial
rights of the Defendant.

 

The trial court granted the motion to amend through an order and by
making changes on the face of the indictment. 
Appellant filed a motion to quash the amended indictment for reasons
similar to those in his first motion.[3]  The trial court denied appellant=s
motion.

Months later, appellant pled guilty to all
counts.  The trial court convicted
appellant of all counts, and appellant timely filed his notice of this appeal.

                                 Applicable
Law and Analysis

Allowing the State to amend its indictment








In his first point, appellant contends that the
original indictment did not allege any crime, that the trial court therefore
did not have jurisdiction to allow the State to amend the indictment, and that
even if the trial court did have jurisdiction, it violated article 28.10 of the
code of criminal procedure by allowing the amendment.  See Tex. Code Crim. Proc. Ann. art.
28.10 (Vernon 2006).








To determine whether the trial court had
jurisdiction over this case, we must look to the indictment as a whole, not to
its specific formal requisites, to decide if the State accused appellant with
enough clarity and specificity for him to identify the charge of online
solicitation of a minor, even if the indictment is otherwise defective.  See Teal v. State, 230 S.W.3d 172, 180B81 (Tex.
Crim. App. 2007); Duron v. State, 956 S.W.2d 547, 550B51 (Tex.
Crim. App. 1997); see also Ex parte Gibson, 800 S.W.2d 548, 551 (Tex.
Crim. App. 1990) (orig. proceeding) (explaining that Aif the
instrument comes from the grand jury, purports to charge an offense and is
facially an indictment, then it is an indictment . . . and its presentation by
a State=s
attorney invests the trial court with jurisdiction to hear the case@); Ex
Parte Jessep, 281 S.W.3d 675, 681 (Tex. App.CAmarillo
2009, pet. filed) (stating that A[i]f the
allegations in it are clear enough that one can identify the offense alleged,
the indictment is sufficient to confer subject matter jurisdiction@).  The right to notice of the charges contained
in an indictment is constitutional in nature. 
See Smith v. State, No. AP‑75479, 2009 WL 1212500, at *3
(Tex. Crim. App. May 6, 2009); Ahmad v. State, No. 02‑08‑00008‑CR,
2009 WL 1507052, at *11 (Tex. App.CFort
Worth May 28, 2009, no pet. h.); Perez v. State, 261 S.W.3d 760, 769
(Tex. App.CHouston [14th Dist.] 2008, pet.
ref=d).

Section
33.021 of the penal code states in pertinent part,

 

(b) A person who is
17 years of age or older commits an offense if, with the intent to arouse or
gratify the sexual desire of any person, the person, over the Internet, by
electronic mail or text message or other electronic message service or system,
or through a commercial online service, intentionally:

 

(1) communicates in
a sexually explicit[[4]]
manner with a minor;[[5]]
or 

 

(2) distributes sexually
explicit material to a minor.

 

(c) A person commits
an offense if the person, over the Internet, by electronic mail or text message
or other electronic message service or system, or through a commercial online
service, knowingly solicits a minor to meet another person, including the
actor, with the intent that the minor will engage in sexual contact, sexual
intercourse, or deviate sexual intercourse with the actor or another person.

 








Tex. Penal Code Ann. ' 33.021(b)B(c)
(emphasis added).  Here, the allegations
in the original indictment signaled to appellant that he was charged with,
under section 33.021 of the penal code, distributing particularly designated
sexually explicit .jpg files over the internet to an individual he believed to
be, or who represented himself to be, younger than seventeen.

While the original indictment used the word Amanner@ (a term
used in subsection (b)(1) of the statute) rather than Amaterial@ (a term
used in subsection (b)(2)), it was still clear enough to allege a crime under
subsection (b)(2), because it focused on distributing and not communicating
(which is the verb used in subsection (b)(1)), and it specifically described
the .jpg files that appellant distributed. 
Thus, we hold that the trial court had jurisdiction on the basis of the
original indictment.

We must also overrule the remainder of appellant=s first
point, regarding the trial court=s
compliance with article 28.10.  Article
28.10 prescribes the following procedure for amending an indictment:

(a) After notice to
the defendant, a matter of form or substance in an indictment or information
may be amended at any time before the date the trial on the merits
commences.  On the request of the
defendant, the court shall allow the defendant not less than 10 days,[[6]]
or a shorter period if requested by the defendant, to respond to the amended
indictment or information.

 

(b) A matter of form
or substance in an indictment or information may also be amended after the
trial on the merits commences if the defendant does not object.

 








(c) An indictment or
information may not be amended over the defendant=s objection as to form or
substance if the amended indictment or information charges the defendant with
an additional or different offense or if the substantial rights of the
defendant are prejudiced.

 

Tex. Code Crim. Proc. Ann. art. 28.10. 
A Adifferent offense@ under
article 28.10(c) means a different statutory offense.  Brown v. State, 155 S.W.3d 625, 628
(Tex. App.CFort Worth 2004, pet. ref=d).  A change in an element of an offense, proof,
or victim does not constitute charging a different statutory offense.  Flowers v. State, 815 S.W.2d 724, 728
(Tex. Crim. App. 1991); Brown, 155 S.W.3d at 628 (concluding that
burglary with intent to commit assault and burglary with attempted or completed
assault are not different offenses); Garth v. State, 3 S.W.3d 218, 222B23 (Tex.
App.CDallas
1999, no pet.) (concluding that changing the value of stolen property in a
theft information, although clarifying the level of offense, did not change the
nature of the statutory offense); Bynum v. State, 874 S.W.2d 903,
905B06 (Tex.
App.CHouston
[1st Dist.] 1994, pet. ref=d)
(involving a different victim).








Here, the amended indictment, by merely changing
the word Amanner@ to Amaterial@ to
precede the description of the electronic file name in four of the indictment=s
counts, did not charge appellant with a new or different offense.  As explained above, the original indictment
adequately described an offense under section 33.021(b)(2), and the amended
indictment charged him with that same offense.

Also, appellant does not dispute that he
distributed the electronic files or that distributing the electronic files
under the circumstances of his distribution (whether the files were defined as Amanner@ or Amaterial@)
comprised a violation of the law,[7]
even if the other specific verbiage in the indictment was initially
incorrect.  See Posey v. State,
545 S.W.2d 162, 163 (Tex. Crim. App. 1977); Rotenberry v. State, 245
S.W.3d 583, 586 (Tex. App.CFort
Worth 2007, pet. ref=d).

Finally, appellant=s
substantial rights were not prejudiced because he knew before and after the
amendment (1) the general section of the penal code where the offense was
located, (2) the dates that he committed his crimes, and (3) the names of the
sexually explicit files that he distributed. 
See Tex. Code Crim. Proc. Ann. art. 28.10(c).  We overrule appellant=s first
point.

Denying appellant=s motion
to quash

In his second point, appellant argues that the
trial court erred when it denied his motions to quash the indictment.  We disagree.








When reviewing a trial court=s
decision to deny a motion to quash an indictment, we apply a de novo standard
of review.  Lawrence v. State, 240
S.W.3d 912, 915 (Tex. Crim. App. 2007), cert. denied, 128 S. Ct. 2056
(2008); State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)
(explaining that the sufficiency of an indictment is a question of law).  AUpon the
filing of a timely motion to quash, an indictment must be analyzed to determine
whether it states on its face the facts necessary to allege that an offense was
committed, to bar a subsequent prosecution for the same offense, and to give
the accused notice of the precise offense with which he is charged.A  Rotenberry, 245 S.W.3d at 586.

The indictment must state facts which, if proved,
show a violation of the law; the indictment must be dismissed if such facts
would not constitute a criminal offense. 
Id.; see Posey, 545 S.W.2d at 163.  When a motion to quash is overruled, a
defendant suffers no harm unless he did not, in fact, receive notice of the
State=s theory
against which he would have to defend.  Moff,
154 S.W.3d at 601, 603; see also Tex. Code Crim. Proc. Ann. art. 21.19
(Vernon 2009) (AAn indictment shall not be held
insufficient, nor shall the trial, judgment or other proceedings thereon be
affected, by reason of any defect of form which does not prejudice the
substantial rights of the defendant.@).








Appellant argues that the State=s
amended indictment is defective because it is not specific enough.  Specifically, he asserts that the indictment
did not limit itself to alleging only one of the ways that he could have
distributed the .jpg files:  over the
internet or by electronic mail or by a commercial online service
under penal code section 33.021(b); that the indictment was required to exactly
define the nature of the explicit material (whether it was a Acommunication,
language, or material, including a photographic or video image@) under
penal code section 33.021(a)(3); and that the indictment was also required to
specify which category of sexual conduct the .jpg files related to under penal
code section 43.25.[8]








However, in most cases, Aan
indictment is legally sufficient if it delineates the penal statute in
question.@ 
See Moff, 154 S.W.3d at 602; Roberts v. State, 278 S.W.3d
778, 792 (Tex. App.CSan Antonio 2008, pet. filed); see
also DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988)
(explaining that a Amotion to quash should be
granted only where the language concerning the defendant=s
conduct is so vague or indefinite as to deny the defendant effective notice of
the acts he allegedly committed@); State
v. Laird, 208 S.W.3d 667, 669 (Tex. App.CFort
Worth 2006, no pet.) (same).  And
although the State in some circumstances is required to go further by
specifying manners and means of committing an offense in its indictment, it is
entitled to, conjunctively or disjunctively, allege any or all of the
statutorily defined types of conduct.  See
State v. Winskey, 790 S.W.2d 641, 642 (Tex. Crim. App. 1990) (explaining
that if Aa
statute provides more than one way for the defendant to commit the act or
omission, then on timely request the State must allege the manner and means it
seeks to establish, either separately or in some disjunctive combination@)
(emphasis added); Queen v. State, 662 S.W.2d 338, 341 (Tex. Crim. App.
1983); Ferguson v. State, 622 S.W.2d 846, 851 (Tex. Crim. App. 1981)
(op. on reh=g); Hartis v. State, 183
S.W.3d 793, 801 (Tex. App.CHouston
[14th Dist.] 2005, no pet.).  Also, the
indictment is not required to contain matters that are only evidentiary, such
as the specific manner of contact in an indecency with a child case.  See State v. Shuck, 222 S.W.3d
113, 115B16 (Tex.
App.CHouston
[14th Dist.] 2006, no pet.).








Here, the amended indictment delineated section
33.021 of the penal code, and it further informed appellant of the acts that
the State alleged he committed by stating the manner of distribution in a
disjunctive format, by naming the specific .jpg files at issue (which defined
the nature of the sexually explicit material with more particularity than
section 33.021(a)(3) does), and by giving the dates of the files=
distributions.  We therefore hold that appellant
did not lack notice of the offense he was charged with and that the indictment
properly explained the offense.  See
also Gray v. State, 980 S.W.2d 772, 775 n.2 (Tex. App.CFort
Worth 1998, no pet.) (explaining that A[a]lternative
pleading of differing methods of committing one offense may be charged in one
indictment@); Braughton v. State,
749 S.W.2d 528, 530 (Tex. App.CCorpus
Christi 1988, pet. ref=d) (relating that the AState
need not elect between various theories@).

Next, neither appellant=s motion
to quash the original indictment nor his motion to quash the amended indictment
adequately set forth the manner in which the indictments= notice
was allegedly deficient[9]
(as appellant now attempts to do in his brief, as related above), so the State
was not required to give him any more detailed notice even if the original
notice was deficient.  See DeVaughn,
749 S.W.2d at 69B70; State v. Goodman, 221
S.W.3d 116, 120 (Tex. App.CFort
Worth 2006, no pet.).








Finally, even if the amended indictment was
deficient and appellant=s motions adequately
demonstrated such, appellant cannot show harm based on the trial court=s denial
of his motions because he pled guilty to the offenses in the amended indictment
and he has not directed us to any portion of the record indicating that he
would not have done so if the indictment had been more specific.[10]  See Tex. Code Crim. Proc. Ann. art.
21.19; Adams v. State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986)
(requiring an appellant to show prejudice to substantial rights from the lack
of notice in an indictment); Weaver v. State, No. 01‑99‑00966‑CR,
2001 WL 722839, at *1 (Tex. App.CHouston
[1st Dist.] June 28, 2001, pet. ref=d) (not
designated for publication); Hodge v. State, 756 S.W.2d 353, 357 (Tex.
App.CDallas
1988, no pet.) (explaining that by pleading guilty, the appellant had no Aneed to
defend himself and thereby no longer stood to profit trial‑wise from [the
indictment=s] additional specifications@).

For all of these reasons, we hold that the trial
court did not err by denying appellant=s
motions to quash, and we overrule appellant=s second
point.

 

                                             Conclusion








Having overruled both of appellant=s
points, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]Count IV, related to
appellant=s attempt to meet someone
under seventeen for sexual purposes, was slightly different and was not amended
by the State.





[3]In his second motion,
appellant asserted, 

 

To perform the duty to investigate, prepare, and establish possible defenses,
Defendant is entitled to a specific allegation of what the State will rely upon
to convict.  Defendant is not required to
anticipate any and variant facts that the State might hypothetically seek to
establish.  The presumption of innocence
coupled with the right to notice require that Defendant be given such notice.





[4]A communication is
sexually explicit when it relates to or describes sexual conduct as defined by
section 43.25 of the penal code.  See
Tex. Penal Code Ann. ' 33.021(a)(3), ' 43.25(a)(2) (Vernon
Supp. 2008).





[5]The statute defines Aminor@ as someone who
represents himself or herself to be younger than seventeen or who the defendant
believes to be younger than seventeen. 
Tex. Penal Code Ann. ' 33.021(a)(1).





[6]Appellant does not
complain about the amount of time he had to respond to the amended
indictment.  The trial court amended the
indictment in November 2007, and appellant did not plead guilty until July
2008.





[7]In pleading guilty,
appellant affirmed that he understood the charge contained in the indictment
and confessed that he committed the acts alleged in the indictment.





[8]Under section 43.25,
sexual conduct is Asexual contact, actual or
simulated sexual intercourse, deviate sexual intercourse, sexual bestiality,
masturbation, sado‑masochistic abuse, or lewd exhibition of the genitals,
the anus, or any portion of the female breast below the top of the areola.@  Tex. Penal Code Ann. ' 43.25(a)(2).





[9]The first motion merely
stated that the State=s indictment was Afatally deficient in that
Defendant is not given adequate notice of the manner and means by which the State
alleges that Defendant (allegedly) violated any offense.@  The second motion included that same
statement and then argued only that the amended indictment was Afatally deficient in that
Defendant is not given any notice of one of the elements of the offense sought
to be charged.@  It then went on to allege what the evidence
would show and that section 33.021 is unconstitutional.





[10]Again, appellant affirmed
that he understood the charges in the indictment while pleading guilty.